IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL RYAN LAMONDS,            )
                                 )
            Petitioner,           )
                                 )
      v.                         )      1:06CV973
                                 )
JOSEPH B. HALL, Admin. of        )
Harnett Correctional Inst.,      )
                                 )
            Respondent.           )

**MEMORANDUM OPINION AND ORDER**

**Eliason, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As reflected by the records before the Court and admitted in the petition, Petitioner pled guilty to second-degree kidnaping for the purpose of facilitating a felony, in this instance statutory rape, in case number 04-CRS-2513. He entered his plea in the Montgomery County Superior Court on October 6, 2004 and received a suspended sentence of 23-28 months imprisonment. Petitioner did not appeal.

On March 28, 2005, the sentencing court found Petitioner in violation of his probation and entered a judgment and commitment form revoking probation.[1] At this time, the court also modified Petitioner's original sentence from 23-28 months to 23-37 months, thereby bringing the sentence in compliance with the presumptive

---

[1] The court also entered an amended judgment and commitment form on June 13, 2005, but the new form only appears to correct a clerical error and does not affect Petitioner's sentence.

range set forth in N.C. Gen. Stat. § 15A-1340.17(c) and (e). Petitioner filed a pro se motion for appropriate relief ("MAR") on August 10, 2006, claiming that this modification was improper, and, in an August 21, 2006 order, the Montgomery County Superior Court agreed. However, in a petition for writ of mandamus, filed in the North Carolina Court of Appeals on September 18, 2006, Petitioner claimed that the Director of Prisons refused to correct his sentence as ordered by the court. The court of appeals treated Petitioner's petition for writ of mandamus as a certiorari petition, and on October 4, 2006, it vacated the lower court's order. This served to reinstate the 23-37 month sentence. Petitioner then filed the instant federal habeas petition to challenge the reinstatement.

## Discussion

Respondent requests dismissal on the ground that the petition was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court, or (2) the expiration of the time to file such a petition.  Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see United States v. Segers, 271 F.3d 181 (4th Cir. 2001)(federal conviction).

The one-year limitation period is tolled while state post-conviction proceedings are pending.  Harris, supra.  The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

The Fourth Circuit, as well as a number of courts, have also held that the one-year limitation period is subject to equitable tolling.  Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases).  Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers.  A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently.

Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).

Here, Petitioner's conviction became final at the latest on April 11, 2005, which was fourteen days after his probation was revoked without filing an appeal.[2] His one-year limitation period began to run on that date and fully expired on April 11, 2006. Neither Petitioner's MAR, filed August 10, 2006, nor his petition for writ of mandamus, filed September 18, 2006, serve to toll the statute of limitations, as both were filed well after the expiration of the one-year period. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)(post-conviction relief sought after the one-year period of limitations has already expired cannot revive the filing period). Thus, the present federal habeas petition, filed in this Court on November 6, 2006, is more than seven months out of time.

Petitioner makes no argument that equitable tolling should apply in this case, and no grounds for equitable tolling are apparent in the record. Instead, Petitioner contends that the one-

---

[2]Respondent contends that Petitioner's conviction became final on March 28, 2005--the day his probation was revoked--because he was not entitled to an appeal in this case. While this may be true as to Petitioner's underlying conviction, see N.C. Gen Stat. § 15A-1444(a1), his probation revocation is another matter. A defendant may appeal his revocation (though he may not challenge his original sentence), so long as he preserves that right by giving oral notice of appeal at his revocation hearing or by filing notice of appeal within 14 days of judgment. N.C. R. App. P. 4(a); see State v. Rush, 158 N.C. App. 738, 741-42, 582 S.E.2d 37, 39 (2003); State v. Flowers, No. COA06-1651, 647 S.E.2d 688 (table), 2007 WL 2245190 (N.C. App. Aug. 7, 2007)(holding that a defendant who contends that his probation was revoked in error must give oral or written notice of appeal in Superior Court). Ultimately, however, this distinction makes no difference in the outcome of the present case. A finality of either March 28, 2005 or April 11, 2005 renders the instant petition untimely.

-4-

year filing period should have begun on August 21, 2006, when the Montgomery County Superior Court granted relief in accordance with his MAR, or on November 4, 2006, when the North Carolina Court of Appeals reinstated the harsher sentence. His rationale appears to be that, unless this Court reviews his case on the merits, he is left with no further recourse for his claims. As Respondent notes, however, the judgment and commitment form entered on March 28, 2005 clearly modified Petitioner's sentence from 23-28 months to 23-37 months imprisonment. Therefore, as of that date, or fourteen days later, Petitioner was on notice of his new sentence and could seek collateral review of the alteration at any time. In fact, he did just that by filing his MAR on August 10, 2006. Unfortunately for Petitioner, this MAR came more than a year after the state court entered the sentence in issue, which was simply too late to preserve his claims for further review in this Court. As such, his claims must be dismissed.

Petitioner also objects to the entry of a deficiency order. (See docket no. 10.) Petitioner is correct, and the deficiency order will be vacated.

**IT IS THEREFORE ORDERED** that Petitioner's motion for summary judgment (docket no. 9) be, and the same hereby is, denied.

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss (docket no. 4) be, and the same hereby is, granted, and that Judgment be entered dismissing this action.

**IT IS FURTHER ORDERED** that the deficiency order (docket no. 10) is hereby vacated.

_____
**United States Magistrate Judge**

September 7, 2007